UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America,

    Plaintiff,

v.

**Apprentiace Singletary,**

    Defendant.

**ORDER**

23-cr-6134-FPG-MJP

## INTRODUCTION

**Pedersen, M.J.** During today's court hearing, Defendant Apprentiace Singletary was consistently disruptive, talking nearly as much as his attorney. I ordered him removed from the courtroom.

I strongly believe in a defendant's right to be heard. So I let Singletary speak. And I let his attorney speak. But Singletary is not the only party in this case. The Government and People of the United States, represented by the United States Attorney's Office, have a right to be heard. Unfortunately, Singletary does not agree.

When the AUSA handling this case began to speak in response to a question I posed, Singletary repeatedly interrupted him. I respectfully told Singletary to allow the AUSA to speak. Singletary did not listen. I told him again. And again, Singletary did not listen.

After I warned Singletary to allow the AUSA to speak no less than three times, I ordered him removed from the courtroom. In reviewing

1

the recording of today's proceedings, I tried to warn him several more times, but he interrupted me. As I stated during the proceedings, Singletary's conduct was so disruptive that I could not understand what the AUSA was saying. *See Barnes v. Uhler*, No. 6:18-CV-06428-EAW, 2021 WL 5176667, at *12 (W.D.N.Y. Nov. 8, 2021) (noting that the trial judge only intervened "when [the defendant's] conduct became so disruptive as to interfere with the ability to hear the witness"). Before resuming, I ensured that Singletary would be able to listen to proceedings over the Court's audio system in a holding cell.

I learned after the hearing from the United States Marshal's Service ("USMS") that Singletary made threats against the AUSA's life after I ordered him removed. I take those threats seriously. I accordingly issue this order to ensure the safety of my courtroom for the hearing scheduled in this case on January 17, 2024, at 1:30 p.m. I also issue this order to ensure that future proceedings in this case will be conducted according to the "dignity, order, and decorum" that are "the hallmarks of all court proceedings in our country." *Illinois v. Allen*, 397 U.S. 337, 343 (1970).

Given that, the Court **ORDERS** as follows:

**First,** at the recommendation of USMS, the Court **ORDERS** that Singletary remain handcuffed at the upcoming hearing. I will

reassess after that hearing if Singletary should remain handcuffed for additional proceedings.

**Second,** the Court **ORDERS** that Singletary will be removed if he disrupts proceedings at any future appearances before me. Singletary may be in the Courtroom **only if** he does not interrupt proceedings. If Singletary does not conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings, I will order him removed.

**Third,** at the beginning of the next appearance, I will ask Singletary if he will conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. If Singletary does not answer affirmatively, I may order him removed from the courtroom for the January 17 hearing.

## DISCUSSION

The Hon. Frank P. Geraci, Jr., Senior District Judge, referred this case to me for all pretrial matters, including a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Text Order of Referral, ECF No. 17, July 20, 2023.) While I am not a District Judge, I have the authority to manage the conduct of attorneys and parties who come to my courtroom. (*See id.* ("All procedural aspects of matters properly before the Magistrate Judge … shall be determined by the Magistrate Judge.").) I issue this order under that authority.

***I have discretion to order Singletary handcuffed at the upcoming hearing.***

As stated, USMS' recommendation is that the Court order Singletary handcuffed during the upcoming hearing on January 17. I grant that request: "Given the roles of judges and marshals, we have held that a trial judge may rely on a marshal's judgment about safety." *Jones v. Murphy*, 694 F.3d 225, 243 (2d Cir. 2012) (citing *United States v. Zuber*, 118 F.3d 101, 103 (2d Cir. 1997)). Here, Singletary's course of conduct raises a "legitimate concern for safety in the courtroom[.]" *Id.* (quoting *United States v. Ward*, 598 F.3d 1054, 1059 (8th Cir. 2010)). Ordering him handcuffed at the upcoming hearing is the only appropriate course of action given Singletary's threats, repeated interruptions, and consistent refusal to "conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.* (quoting *Allen*, 397 U.S. at 343). I further note that no jury will be present for this hearing, diminishing any prejudice that could result. At the marshals' recommendation, I thus order that Singletary will remain handcuffed during the January 17 hearing.

***I may exclude Singletary from the courtroom if he disrupts the proceedings before me.***

A criminal defendant has a constitutional right to be present "at all stages of the proceedings where fundamental fairness might be thwarted by his absence." *Grayton v. Ercole*, 691 F.3d 165, 170 (2d Cir. 2012) (quoting *Faretta v. California*, 422 U.S. 806, 816 (1975)) (cleaned

4

up). Even so, in *Allen*, the Supreme Court addressed "whether an accused can claim the benefit of this constitutional right to remain in the courtroom while at the same time he engages in speech and conduct which is so noisy, disorderly, and disruptive that it is exceedingly difficult or wholly impossible to carry on the" proceeding. *Id*. at 338. The Court held that a defendant cannot claim such a benefit yet be exceedingly disruptive. *See id*. at 343 (holding that "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself" in a disruptive manner).

I may thus order a defendant like Singletary removed until he promises to behave properly. *See id*. at 340, 343 (noting that the right to be present "can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings"); *see also United States v. Hemsi*, 901 F.2d 293, 296 (2d Cir. 1990). And so, at the beginning of the January 17 hearing, I will ask Singletary if he will behave properly. If he does not answer affirmatively, I may order him removed. Certainly, if he is disruptive during the hearing, I *will* order him removed. *See Hemsi*, 901 F.2d at 296 ("The premise of this power is that the defendant who knowingly and voluntarily chooses to so misbehave waives his right to be present.").

Finally, I need not warn Singletary every time he is being disruptive. *See Gilchrist v. O'Keefe*, 260 F.3d 87, 95 (2d Cir. 2001) (noting that "no warning need precede the court's deprivation of the right" to be present). If Singletary disrupts proceedings, I may order him removed without additional warning. Indeed, this order serves as such a warning.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

**First,** at the recommendation of USMS, the Court **ORDERS** that Singletary remain handcuffed at the upcoming hearing.

**Second,** the Court **ORDERS** that Singletary will be removed from all future proceedings before the undersigned if he does not conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings.

**Third,** at the beginning of the next appearance, the Court will ask Singletary if he will conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. If Singletary does not answer affirmatively, the undersigned may order him removed for the hearing.

**IT IS SO ORDERED.**

Dated:   December 21, 2023
         Rochester, NY

*[signature]*

MARK W. PEDERSEN
United States Magistrate Judge